FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

2010 JUL 12 P 3: 51

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | |
|---|---|
| MICHAEL A. HOUSLEY<br>1026 Deep Creek Ave.<br>Arnold, MD 21012 | *<br><br>* |
| And | * |
| LEAH M. BOSS-HOUSLEY<br>1026 Deep Creek Ave.<br>Arnold, MD 21012 | *<br><br>* |
| Plaintiffs | *   Case No.: ꞋＬ10CV1881 |
| v. | * |
| OFFICER DOYLE HOLQUIST<br>Anne Arundel County Police Department<br>8495 Veterans Highway<br>Millersville, MD 21108-2570 | *<br><br>*<br><br>* |
| And | * |
| CORPORAL JEFFREY BAUER<br>Anne Arundel County Police Department<br>8495 Veterans Highway<br>Millersville, MD 21108-2570 | *<br><br>*<br><br>* |
| And | * |
| SERGEANT TRACY MORGAN<br>Anne Arundel County Police Department<br>8495 Veterans Highway<br>Millersville, MD 21108-2570 | *<br><br>*<br><br>* |
| And | * |
| JAMES TEARE, SR., CHIEF OF POLICE<br>Anne Arundel County Police Department<br>8495 Veterans Highway<br>Millersville, MD 21108-2570 | *<br><br>*<br><br>* |
| And | * |

– 1 –

JOHN LEOPOLD, COUNTY EXECUTIVE     *
Office of County Executive
Arundel Center, 44 Calvert St.     *
Annapolis, MD 21404
    *
     And
    *
ANNE ARUNDEL COUNTY GOVERNMENT
Arundel Center, 44 Calvert St.     *
Annapolis, MD 21404
    *
     And
    *
ANNE ARUNDEL COUNTY POLICE DEPT.
8495 Veterans Highway     *
Millersville, MD 21108-2570
    *
     Defendants
    *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT AND DEMAND FOR JURY TRIALFOR MONETARY DAMAGES FOR VIOLATION OFPLAINTIFF'S CIVIL RIGHTS

NOW COMES Plaintiffs, Michael A. Housley and Leah Boss-Housley, by and through their undersigned counsel, Timothy D. Murnane, Richard A. Simmons, and Michael S. Neall, and hereby sues the Defendants, Anne Arundel County Police Department, Officer Doyle Holquist, Officer Jeffrey Bauer, Sergeant Tracy Morgan, Police Chief James Teare, Sr., County Executive John Leopold, and the Anne Arundel County Government, and as reasons therefore states as follows:

### Introduction

1.  This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988; and the Fourth and Fourteenth Amendments to the United States Constitution; the Maryland Declaration of Rights; and under law of the State of Maryland, against Anne Arundel County Police Department and Anne Arundel County Police Officers Doyle Holquist, Jeffrey Bauer and Sergeant Tracy Morgan, in their individual and official capacities, the Anne Arundel County Government, Police Chief James Teare, Sr., and County Executive John Leopold. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and the pendent jurisdiction of this Court to entertain claims arising under state law. Venue is proper under 28 U.S.C. § 1391 in that the Plaintiff resides in the State of Maryland, and the causes of action set forth in this Complaint concern events that

occurred in Anne Arundel County, Maryland.

2.  It is alleged that the individual Defendant Officers made an unreasonable seizure of the person of Plaintiff, thereby violating his rights under the Fourth and Fourteenth Amendments of the United States Constitution, and that these individual Defendant Officers battered the Plaintiffs and otherwise utilized excessive and unwarranted force during the course of said seizure.

3.  Notice of the instant claim was provided in accordance with Maryland's Local Government Tort Claims Acts in a timely manner on October 26, 2009. Counsel for Plaintiff received a Return Receipt from the United States Postal Service indicating that Plaintiff's claims were received by the Anne Arundel County Office of Law

## Parties

4.  Plaintiffs Michael Housley and Leah Housley are, and were at all material times, citizens of Maryland, who reside in Arnold, Maryland, and who have a work and mail address of 1026 Deep Creek Avenue, Arnold, Maryland 21012.

5.  At all times relevant to this Complaint, Defendant Officer Doyle Holquist was a duly authorized agent, servant, and/or employee of the Anne Arundel County Police Department, a Department in the executive branch of the Anne Arundel County Government, working as a South District Patrol Officer. At all times relevant to this Complaint, Defendant Officer Doyle Holquist was acting within the scope and course of employment as a member of the Anne Arundel County Police Department. He is sued in this case both independently and in his official capacity.

6.  At all times relevant to this Complaint, Defendant Officer Jeffrey Bauer was a duly authorized agent, servant, and/or employee of the Anne Arundel County Police Department, a Department in the executive branch of the Anne Arundel County Government, working as a South District Patrol Officer. At all times relevant to this Complaint, Defendant Officer Jeffrey Bauer was acting within the scope and course of employment as a member of the Anne Arundel County Police Department. He is sued in this case both independently and in his official capacity.

7.  At all times relevant to this Complaint, Defendant Acting Sergeant Morgan was a duly authorized agent, servant, and/or employee of the Anne Arundel County Police Department, a Department in the executive branch of the Anne Arundel County Government, working as a South District Sergeant. At all times relevant to this Complaint, Defendant Acting Sergeant Tracy Morgan was acting within the scope and course of employment as a member of the Anne Arundel County Police Department. She is sued in this case both independently and in her official capacity.

8.  At all times relevant to this Complaint, Defendant Police Chief James Teare, Sr. was acting in his capacity as the appointed Chief of Police for Anne Arundel County, Maryland by the County Executive with the duties of office including, but not limited to being responsible for the efficiency and good conduct and discipline of the department

and its members including the co-defendant officers listed herein.

9. At all times relevant to this Complaint, Defendant County Executive John Leopold was acting in his capacity as the head of the Anne Arundel County Government as chief executive and administrative officer including, but not limited to the responsibility of supervision of all officers, agents, and employees of said County Government, its efficient operation and management, and for the faithful execution of the law, including such responsibility over the Anne Arundel County Police Department.

10. Defendant Anne Arundel County Police Department is a public entity established under the laws of Maryland under the executive branch to be sued in its own name and has the function of being responsible for the preservation of the public peace, prevention of crime, apprehension of criminals, protection of the rights of person and properties, including, but not limited to the Plaintiffs Michael and Leah Housley and enforcement of the laws and the rules and regulations made in furtherance thereof.

11. The Defendant Anne Arundel County Government constitutes a body corporate and politic and has all rights and powers of local self-government and home rule as are now and may hereafter be provided or necessarily implied by its Charter and by the Constitution and laws of the State of Maryland.

## Facts

12. On July 12, 2009, at approximately 10:25 AM, a telephone call was received at Anne Arundel County Police Department's 911 Center by Catherine Housley advising the 911 Center, that a Leah Housley required medical assistance.

13. Approximately forty (40) seconds later, the Plaintiff, Michael Housley requested his mother Catherine Housley to have an ambulance brought to their residence at 1026 Deep Creek Ave., Arnold, MD 21012 because he did not know what prescriptions Plaintiff Leah Housley had taken.

14. At approximately 10:28 AM on July 12, 2009, members of the Anne Arundel County Fire Department were dispatched to 1026 Deep Creek Avenue, Arnold, MD 21012 and arrived at approximately 10:39 AM.

15. Upon arrival, Leah Housley advised the Fire Department personnel that she had consumed several 0.25 mg Xanax and two (2) 0.25 mg Buspar early that morning.

16. Leah Housley further advised that she had not been attempting to hurt herself, had no suicidal ideation, but rather took the prescription medication in an effort to sleep comfortably.

17. Leah Housley was then transported to the Anne Arundel Medical Center by Paramedic 12, leaving 1026 Deep Creek Avenue at approximately 10:56 AM and arriving at Anne Arundel Medical Center at approximately 11:13 AM, where she was turned over to hospital staff for medical treatment.

18. Upon arrival to the medical facility and unbeknownst to the Plaintiffs, Anne Arundel County Police Officer Paul Smith completed a petition for an emergency evaluation per Maryland Health General Article, § 1-101(i) requiring Plaintiff Leah Housley to be seen by a "physician" within six (6) hours of arrival to determine whether she met the criteria for continued detention and observation per said statute.  Plaintiff Leah Housley never saw a physician within the definition of the statute within the initial six hour time frame.

19. Plaintiff Leah Housley was medically cleared by a registered nurse after her arrival to the facility with no indications of negative effects from the medication at approximately 2:00 PM.

20. After having been at the hospital eating, sleeping, and watching television with her mother, father, and spouse for approximately eight hours in an unsecured and unsupervised area, free to come and go as she pleased, Plaintiff Leah Housley was asked to move from the emergency room examination area to the secured, "jail-like", psychiatric ward of the hospital and told to disrobe.

21. Upon this request by the evening shift nurse, having just begun her shift, Plaintiff Leah Housley protested to being separated from her family and confined to a room with a steel door and video surveillance cameras recording her every move as she undressed, and asked if she could just go home.

22. Based on Plaintiff Leah Housley's objections, the nurse conceded, permitting her to remain in the hallway with her family.

23. Plaintiff Leah Housley pleaded with the nurse that she did not want to remain in the hallway to be seen by the public while partially clad in a hospital gown and sweat pants, and she asked if she could go home again.

24. At this time, the nurse without remark turned and walked away.

25. Having had no indication that she was required by official documents or statutory requirement to remain at the hospital for further treatment, Plaintiff Leah Housley walked into the bathroom, changed into her shirt, which she arrived in, and then walked out of the hospital with her spouse, Plaintiff Michael Housley, and her parents.  The hospital videotapes in Plaintiff's possession clearly show the Housley family making a casual and unconcerned exit from the facility.

26. At approximately 8:03 PM, said nurse called the Anne Arundel County Police Department, advising the 911 center that Plaintiff Leah Housley had left the hospital grounds in contradiction to a emergency evaluation petition.

27. At approximately 8:05 PM, Defendant Officer Doyle Holquist, having been dispatched, responded to the Anne Arundel Medical Center at 2001 Medical Parkway, Annapolis, MD and checked the immediate area along with Defendant Officer Jeffrey Bauer and Corporal K. Oliffe.

28. Upon not finding Plaintiff Leah Housley in the immediate vicinity, a broadcast and request was sent to the Eastern District for officers to check her home, 1026 Deep Creek Ave., Arnold, MD 21012.

29. Due to high call volume and the low priority assigned to the call to check on the welfare of Plaintiff Leah Housley, an Eastern District police supervisor directed that the call to check the house be held until personnel were available to respond.

30. At approximately 8:09 PM, Defendant Officer Holquist telephoned the Housley's residence under the guise of hospital personnel in an effort to hide his true identity to the Housley's, despite no indication that such action was necessary.

31. Plaintiff Michael Housley advised Defendant Officer Holquist that Plaintiff Leah Housley was indeed present with him at their residence and that she was well and sleeping comfortably.

32. Defendant Officer Holquist told Plaintiff Michael Housley that the hospital personnel would have to come by and check on Plaintiff Leah Housley's well being, as she may still have an IV that must be removed, to which Michael Housley obliged, stating that upon their arrival to please call, so that Plaintiff Michael Housley could secure their ninety (90) pound Labrador Retriever, Bruno, and five (5) Yorkshire Terriers, that would need confinement for their safety.

33. At approximately 8:45 PM, Defendant Officer Holquist, Defendant Officer Corporal Bauer, and Defendant Acting Sergeant Tracy Morgan arrived at the Housley's residence, 1026 Deep Creek Avenue, Arnold, Anne Arundel County, MD 21012, to locate and return Plaintiff Leah Housley to the Anne Arundel County Medical Center per the emergency evaluation petition from the morning.

34. Upon arrival, Defendant Officer Holquist did not call ahead, so Plaintiff Michael Housley could put their dogs away. The dogs having alerted Plaintiff Michael Housley, caused him to get out of bed and meet the Defendant Officers and Defendant Acting Sergeant Morgan near the front door.

35. The Defendant Officers and Defendant Acting Sergeant Tracy Morgan were standing on a landing and stairs, which is separated by a swinging secured gate leading to a second floor deck and front door, met Plaintiff Michael Housley, standing on the opposite side of the gate, attempting to corral the dogs.

36. Defendant Officer Holquist told Plaintiff Michael Housley that they intended to locate, remove and return Plaintiff Leah Housley to the hospital.

37. Plaintiff Michael Housley, having been at the hospital with Plaintiff Leah Housley all day, attempted to reason with Defendant Officer Holquist, explaining their ordeal and frustration while at the emergency room seeking treatment; he emphasized that his wife was utterly exhausted and she was finally asleep.

38. When Defendant Officer Holquist stoically repeated himself, Plaintiff Michael Housley requested for some proof in the form of a warrant, court order, or other documentation indicating that the police had the right or authority to enter his house and seize his wife, as no crime had been committed.  Neither the Defendant Officers Holquist and Bauer nor Defendant Acting Sergeant Morgan had such documents.

39. When Defendant Officer Holquist in a condescending tone dismissed Plaintiff Michael Housley, ordering him to summon his wife or permit them to enter his home, Plaintiff Michael Housley objected, stating that there had to be another way and that he was calling his attorney for advice.

40. As Plaintiff Michael Housley turned to enter the front door to use the telephone, Defendant Officer Holquist without provocation reached over the fence and put Plaintiff Michael Housley in a headlock, attempting to pull him over the gate, off the deck, and down the stairs.

41. Plaintiff Michael Housley's dog jumped on the gate, causing Defendant Officer Holquist to release his grip permitting Plaintiff Michael Housley to break free and enter his residence, locking the door behind him.

42. Having been assaulted, Plaintiff Michael Housley immediately called 911 for help, explaining to the operator that he had just been assaulted by an officer and he was in fear for his life.

43. Through the full-view glass door and adjacent windows the Defendant Officers could clearly see the entire kitchen, dining room, and living room areas.

44. While Plaintiff Michael Housley was inside speaking to Anne Arundel County Police 911 operators, the Defendant Officer Holquist, having been enraged by Plaintiff Michael Housley's refusal to submit to his authority, contacted Eastern District supervisor, Sgt. Lisa Lawrence, making his argument for permission to force entry into the house and seize Plaintiff Michael Housley.

45. Despite Defendant Officer Holquist's representations made in reckless disregard for the truth, Sergeant Lisa Lawrence, the second supervisor contacted by the Defendant Officer Holquist, denied authorization to enter the house (Defendant Acting Sergeant Morgan being on scene and having been unable or unwilling to authorize entry based on her personal knowledge).  In doing so, Sgt. Lawrence correctly stated, "[i]f she (Plaintiff Leah Housley) left the hospital with him (Plaintiff Michael Housley), we (the police) don't have enough (reasonable grounds) to enter the house."

46. Defendant Officer Holquist flagitiously misrepresented to Sergeant Lawrence the following:

    a. Plaintiff Michael Housley "came in there and took her out" (his wife) from the hospital indicating that she was forced to leave.  (However, the reporting nurse

stated that Leah Housley wanted to leave the hospital; it was in fact Plaintiff
Michael Housley who encouraged his wife to stay for treatment); and,

    b.  Leah Housley had overdosed, yet he neglected to inform the sergeant that she had
been at the hospital all day, having been medically cleared at about 2:00 PM.

47. Disgusted and frustrated by Sergeant Lawrence's refusal to submit to his overzealous
request, Defendant Officer Holquist contemptuously snubbed the sergeant, and with
overwhelming satisfaction he informed the superior officer that "our lieutenant
(Lieutenant Brothers) just gave us permission go in, ma'am."

48. In granting permission to enter the house, Defendant Officer Holquist conveyed through
Acting Sergeant Morgan to Lieutenant Brothers the following false information:

    a.  That Plaintiff Michael Housley assaulted Defendant Officer Holquist;

    b.  That Leah Housley had not yet seen a doctor to determine her mental stability
(she had in fact seen a registered nurse, at Anne Arundel Medical Center, having
been medically cleared at 2:00 PM and agreed to remain voluntarily for
treatment);

    c.  That Plaintiff Michael Housley was combative;

    d.  That Plaintiff Michael Housley refused to allow officer to check on his wife,
which indicated to Brothers that she may be in "potential danger" or "he (Plaintiff
Michael Housley) has killed her..."

49. As a direct result of these misrepresentations made by Defendant Officer Holquist and
the reasonable inferences therefrom, Lieutenant Brothers made a decision to force entry
into the house, which would have otherwise been in direct contravention of Anne
Arundel County Police Rules & Regulations.[1]

50. Due to the fact that Plaintiff Michael Housley would not let the officers into his house, an
enraged Defendant Officer Holquist started to kick the door in with asperity and malice
aforethought.

51. At which time, the banging from Defendant Officer Holquist kicking the front door can
be heard, as Plaintiff Michael Housley was still on the phone with 911 describing the
event as it transpired and asking for help from a rational supervisor.

52. Plaintiff Michael Housley told the Defendant Officers and the 911 operator that he was in
fear for his life.   Plaintiff Michael Housley can be heard asking, "Leah, get my gun."

---

[1] BARRICADE & HOSTAGE SITUATIONS INDEX CODE: 2308 (D)
*Unless exigent circumstances exist (i.e., active shooter, the prevention of death or serious bodily injury,
etc.) tactical entries should only be made by trained members of SOS.*

Then approximately five seconds later telling the operator, "Tell them (Defendant Officers) to back off, I have a gun in my hand." Plaintiff Leah Housley can be heard in the background asking, "What?" (As she did not hear Plaintiff Michael Housley ask for the gun, which did not exist).

53. Plaintiff Michael Housley made this statement in a futile but desperate attempt to stop the outrageous conduct of Defendant Officers after exhausting every other means to summon assistance. Plaintiff Michael Housley does not own a firearm.

54. At all times during this conversation, Plaintiff Michael Housley was in plain sight and it could be seen that no gun was on his person.

55. Plaintiff Michael Housley approached the door with his hands raised and placed his hands on the door frame, showing that he was unarmed.

56. Defendant Officer Holquist drew his firearm and aimed it at Plaintiff Michael Housley who responded by asking if the officer was going to "shoot [him] in his own house".

57. At this point, Plaintiff Leah Housley appeared at the front door, observing Defendant Officer Holquist, gun is hand pointed at her husband. Defendant Officer Holquist's eyes wide open, conveying his rage and contempt. Fearing for her husband's safety, she pulled her husband away from the door, telling the officers that she was putting the dog away and coming out.

58. The Defendant Officers momentarily stopped striking the door, as Plaintiff Leah Housley's physical state could be observed, but despite her indications that she was going to come out after putting the dogs away, Defendant Officer Bauer drew his expandable ASP baton and began striking the glass to the door, breaking the glass.

59. Through the shattered glass, Defendant Officer Bauer then drew his taser and aimed it at Plaintiff Michael Housley commanding him to get out of the way and go to the floor, as Defendant Officer Holquist stood behind him screaming verbal commands over the commotion of the dogs barking and birds screeching in the background.

60. That before Plaintiff Michael Housley could comply, Defendant Officer Holquist reached over and around Defendant Officer Bauer's shoulder and pepper sprayed Plaintiff Michael Housley in the eyes.

61. In reaction to the devastating effects of pepper spray (oleoresin (OC) aerosol restraint spray), Plaintiff Michael Housley then bent over at the waist, placing his hands to his face, having been temporarily and totally blinded.[2]

---

[2] Anne Arundel County Police Rule & Regulations - OC SPRAY INDEX CODE: 404 (D)

**D. Effects of OC Spray**

1. Within several seconds of being sprayed by OC spray, a suspect will normally display symptoms of temporary blindness, have temporary difficulty with breathing, a burning sensation in the throat, nausea, lung pain and/or impaired thought processes.

2. The effects of OC spray vary among individuals. Therefore, all suspects will be handcuffed as soon as possible after being sprayed. CAUTION: Personnel should also be prepared to employ other means to control the suspect – to

62. Defendant Officer Bauer made entry through the broken glass, bear hugging and throwing Plaintiff Michael Housley to the ground even though he had demonstrated no resistance or physical threat.

63. At 8:57:38 PM Defendant Officer Bauer unnecessarily discharged his taser (Electronic Control Devices (ECD)) striking Plaintiff Michael Housley in the back. As the probes entered the skin Plaintiff Michael Housley experienced "Neuro-Muscular Incapacitation," rendering him totally incapacitated for five (5) seconds as current flowed through his body.

64. During which time (though unnecessary), neither Defendant Officers nor Defendant Acting Sergeant Morgan ever attempted to handcuff Plaintiff Michael Housley, instead after the initial burst, three (3) seconds elapsed, then Defendant Officer Bauer again unnecessarily discharged his taser at 8:57:46 PM again causing neuromuscular incapacitation.

65. Plaintiff Michael Housley again was totally incapacitated for five (5) seconds while none of the officers attempted to handcuff him.

---

include, if necessary, other force options consistent with department policy – if the suspect does not respond sufficiently to the spray and cannot otherwise be subdued.
3. Immediately after spraying a suspect, personnel will be alert to any indications that the individual needs medical care. This includes, but is not necessarily limited to, breathing difficulties, gagging, profuse sweating, and loss of consciousness. Upon observing these or other medical problems, or if the suspect requests medical assistance, personnel will immediately summon emergency medical aid.
4. Suspects that have been sprayed will be monitored for indications of medical problems and will not be left alone while in police custody, until the effects have subsided.
5. Personnel should provide assurance to suspects who have been sprayed that the effects are temporary, and should encourage them to relax.
6. Air will normally begin reducing the effects of OC spray within 15 minutes of exposure. If the suspect is cooperative, personnel should assist him or her by rinsing the exposed area with water.
7. Assistance will be offered to any individuals accidentally exposed to OC spray. All such incidents will be reported as soon as possible to the officer's immediate supervisor and will be detailed in an incident report.

66. Defendant Officer Holquist having observed the effective deployment of the taser used his police radio to call for "start fire" (emergency medical personnel) per Anne Arundel County police policy at 8:58:07 PM.[3]

67. According to Defendant Officer Holquist, he believed he was mandated by standard operating procedure to maintain "deadly force cover", pointing his issued firearm at Plaintiff Michael Housley while the taser was being deployed and could not assist in the improper arrest of Plaintiff Michael Housley.[4]

68. Plaintiff Michael Housley now partially blinded by the OC spray and having been tased twice, sensed an officer pointing a weapon at him and yet another wave of fury to be unnecessarily used against him, grabbed a wooden kitchen chair while kneeling on the ground, held it in front of his face, cowering, shielding himself from another vicious, unnecessary, and unprovoked attack.

69. From less then three (3) yards away at a downward angle of less than 90 degrees, Defendant Officer Holquist discharged his departmental issued .40 caliber Sig Sauer handgun, striking Plaintiff Michael Housley in the right bicep. The 180 grain projectile, traveling at 1,000 feet per second, tore through the soft tissue of his bicep, erupting through the soft tissue of the shoulder, striking his face and racking his jaw bone before lodging along his trachea.

70. Dr. William Jones, M.D., medical examiner for Anne Arundel County from 1982 through 2008 testified in the criminal proceeding that in his expert opinion the only way the wound pattern and projectile debris seen in Plaintiff Housley's Shock Trauma x-rays could have occurred was if Plaintiff Michael Housley was crouching in a defensive posture with head turned away from the officers.

71. The State of Maryland offered no scientific evidence whatsoever to rebut Dr. Jones who has inspected over One Thousand (1,000) crime scenes in his employment as deputy medical examiner servicing the Anne Arundel County Police Department and all other law enforcement agencies who operate in Anne Arundel County.

72. Defendant Officer Bauer recorded the time of the shot at 8:58:17 PM, when he screamed into the police radio, "[s]hots fired!"

---

[3] ELECTRONIC CONTROL DEVICE INDEX CODE: 406 (D)
EMS personnel will be summonsed to the scene by the deploying officer. If the probes have penetrated the skin, EMS personnel should be advised to not remove them prior to transport. The probes should only be removed by a doctor or authorized medical staff at the Hospital.

[4] ELECTRONIC CONTROL DEVICE INDEX CODE: 406 (B)
10. The TASER is not a substitute for deadly force, and generally should not be used in those situations. If a TASER trained officer does deploy the TASER in those situations, he/she must have another officer present to provide deadly force cover.

73. Immediately following the shooting, Defendant Officer Holquist was isolated, but not questioned by any supervisor or investigator. Defendant Officer Holquist asserted his right to counsel and his Fraternal Order of Police (FOP) representative was immediately summoned and met him at the Housley residence.

74. Defendant Officer Holquist was then transported to the Southern District Police Station where he met with his FOP representative and the FOP attorney who likewise had been summoned for his defense. He did not give a statement regarding the facts and circumstances of the event until July 20, 2009, over a week later (Defendant Officer Holquist conveyed a limited statement of facts to his Southern District Commander through his FOP attorney).

75. Plaintiff Michael Housley was held incommunicado by Anne Arundel County Police Officers at University of Maryland Shock Trauma for three (3) days following the event, with an Anne Arundel County Police Officer there to prevent family, friends, and counsel from contact with Plaintiff Michael Housley and to keep Michael Housley from leaving the facility.

76. Early in the morning of July 13, 2009, upon release from Anne Arundel Medical Center, having been finally evaluated under the emergency evaluation petition and not committed, unknown officers from Defendant Anne Arundel County Police Department seized and transported Plaintiff Leah Housley to a police facility, where she was questioned for at least two (2) hours before being released, and told she could neither see her husband nor return home.

77. Plaintiff Leah Housley initially refused to go with the unknown officers, but was advised she had no choice. When she asked if she could ride with her parents, the officers said no.

78. That approximately a week post incident, criminal counsel for Plaintiff Michael Housley requested copies of the Anne Arundel County Police communications and computer aided dispatching notes. These materials are offered to the public without question for a fee, but this request was initially denied.[5]

79. In accordance with the Maryland Rules, criminal counsel for Plaintiff Michael Housley requested discovery in July 2009, yet despite Defendant Anne Arundel County Police Department's policy to the contrary, it took Defendant Anne Arundel County Police Department about six (6) months before a single page of the police reports and any other meaningful discovery related to this incident were disclosed and provided to counsel.[6]

---

[5] See http://www.aacounty.org/Police/PublicRecords.cfm

[6] See http://www.aacounty.org/Police/RulesRegs/Index.cfm (USE OF FORCE INDEX CODE: 401)
4. The Staff Inspections Unit will conduct a detailed administrative investigation of every incident where an officer employs deadly force, and where an officer discharges a firearm, other than for training or recreational purposes. The Staff Inspections commander will submit a report on each review of deadly force or discharge of a firearm to the Chief of Police. This report will be completed and submitted to the Chief of Police within 21 days of the Staff Inspections Unit receipt of a report requiring review. The report will include the relevant facts and circumstances surrounding the incident and a conclusion as to whether the officer's actions were in violation of any policy. Actions deemed to be in

80. As a result of the inherent unreliability and uncertainty of the Defendant Officer Holquist's egregious behavior on the night of July 12, 2009, he refused to testify in the criminal proceeding against then Defendant Michael Housley until he received a grant of use immunity to avoid being criminally prosecuted for his testimony regarding the occurrences of that night.

81. The Defendant Officer Holquist remains an active, armed officer patrolling the streets of Anne Arundel County.

**COUNT I – BATTERY**
**(Plaintiff Michael Housley v. Defendant Officers Holquist and Bauer)**

82. Plaintiff Michael Housley hereby incorporates Paragraphs 1 though 81 as if fully restated herein.

83. Plaintiff Michael Housley asserts that Defendant Officers Holquist and Bauer engaged in intentional acts of unlawful physical contact with the Plaintiff Michael Housley such that the Plaintiff sustained serious, permanent, and disfiguring injuries.

84. Defendant Officers Holquist and Bauer utilized unreasonable, unnecessary, unlawful, and excessive force by, among other things, Defendant Officer Holquist placing Plaintiff Michael Housley in a headlock chokehold, Defendant Officer Holquist deploying oleoresin aerosol restraint spray into Plaintiff Michael Housley's eyes, Defendant Officer Bauer tasing Plaintiff Michael Housley the first time, Defendant Officer Bauer tasing Plaintiff Michael Housley the second time, and Defendant Officer Holquist ultimately shooting Plaintiff Michael Housley in his face with the intention of killing him.

85. Plaintiff Michael Housley in no way consented to the described contact by Defendant Officers Holquist and Bauer; in no way provoked, contributed, or in any way presented just or reasonable cause for Defendant Officers Holquist and Bauer to act as they did; and did nothing to contribute to the unlawful touching and excessive force that Defendant Officers Holquist and Bauer inflicted upon him.

86. The conduct of Defendant Officers Holquist and Bauer was without legal justification or excuse.

87. As a direct and proximate result of the multiple batteries perpetrated by Defendant Officers Holquist and Bauer, Plaintiff Michael Housley has sustained significant permanent injuries and disfigurement, medical bills, severe psychological damages, and additional economic injuries. Plaintiff Michael Housley has also suffered and will continue to suffer additional injuries that are not expressly enumerated herein.

**COUNT II – BATTERY**

violation of policy will be referred to the Internal Affairs Section for investigation, within 21 days.

**(Plaintiff Leah Housley v. Defendant Active Sergeant Morgan)**

88. Plaintiff Leah Housley hereby incorporates Paragraphs 1 though 87 as if fully restated herein.

89. Plaintiff Leah Housley asserts that Defendant Acting Sergeant Morgan engaged in intentional acts of unlawful physical contact with her person and against her will.

90. Defendant Acting Sergeant Morgan engaged in unreasonable, unlawful, and excessive force by forcing Leah Housley to the ground, handcuffing her, and requiring her to remain on her stomach with the handcuffs on, and restricting her movement by force.

91. Plaintiff Leah Housley in no way consented to the described contact by Defendant Acting Sergeant Morgan; in no way provoked, contributed, or in any way presented just or reasonable cause for Officer Morgan to act as she did; and did nothing to contribute to the unlawful touching and excessive force that Defendant Officer Morgan inflicted upon her.

92. The conduct of Defendant Acting Sergeant Morgan was without legal justification or excuse.

93. As a direct and proximate result of the multiple batteries perpetrated by Defendant Acting Sergeant Morgan, Plaintiff Leah Housley has sustained severe physical harm and emotional distress.

**COUNT III – VIOLATION OF 42 U.S.C. § 1983 AND
FOURTH AND FOURTEENTH AMENDMENTS
(Plaintiff Michael Housley and Plaintiff Leah Housley v. Defendant Officers Holquist and
Bauer, Defendant Acting Sergeant Morgan, Police Chief James Teare, Sr., County
Executive John Leopold, Defendant Anne Arundel County Police Department, and
Defendant Anne Arundel County Government)**

94. Plaintiffs Michael Housley and Leah Housley hereby incorporate Paragraphs 1 through 93 as if fully stated herein.

95. At all times relevant to this Complaint, Plaintiffs Michael Housley and Leah Housley had rights afforded to them by the Fourth and Fourteenth Amendments to the United States Constitution not to have their person or property unlawfully searched, seized, detained in an unreasonable manner; not to be deprived of their liberty without due process of law; not to be subjected to excessive force during the course of any police/citizens encounter; not to be unreasonably denied necessary medical treatment; and not to be summarily punished.

96. Defendant Anne Arundel County is a Maryland municipal corporation which operates, administers, maintains and controls the Anne Arundel County Police Department as one of its executive branches.

97. Defendant Anne Arundel County has established policies and procedures, Defendant County had a duty under the Fourth and Fourteenth Amendments to the Constitution of

the United States to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that its citizens would be subjected to the use of excessive force by Anne Arundel County's Police Department officers, or policies or procedures which created a substantial likelihood that the rights of its citizens would not be treated with reckless indifference by its agents, servants and employees employed by Anne Arundel County's Police Department.

98. Notwithstanding its mentioned duties, Defendant Anne Arundel County was guilty of one or more of the following wrongful acts or omissions to act in violation of the Plaintiffs Michael Housley and Leah Housley's Constitutional rights, in that it:

    a. Allowed policies and procedures to continue in force and effect which resulted in the use of outrageous and excessive force against Plaintiff,

    b. Had a custom and practice of failing to independently and adequately investigate complaints of excessive force, including participating in the cover-up and false prosecutions of those acts,

    c. Had a custom and practice of failing to effectively discipline or retrain police officers who wrongfully utilized excessive force,

    d. Failed to establish appropriate policies and procedures to address and correct the repeated use of excessive force by police officers in traffic stops,

    e. Allowed the continuance in force and effect of policies and procedures which failed to protect its citizens from the reckless indifference of Anne Arundel County's agents, servants and employees in its police Department to their serious medical needs.

99. At all times relevant herein, Defendant Officers Holquist and Bauer, Defendant Acting Sergeant Morgan, and Defendant Police Chief Teare were acting under the color of State and local law and as members of the Anne Arundel County Police Department. Their conduct therefore triggers 42 U.S.C. § 1983 protection and relief.

100. Defendant Officers Holquist and Bauer, Defendant Acting Sergeant Morgan, and Defendant Police Chief Teare by their actions and omissions, deprived Plaintiffs Michael Housley and Leah Housley of their clearly established and well-settled Constitutional rights.

101. Defendant Officers Holquist and Bauer, Defendant Acting Sergeant Morgan, and Defendant Police Chief Teare knowingly acted to deprive the Plaintiffs of their Constitutional rights, maliciously and with reckless disregard for the constitutional rights of the Plaintiffs. Defendant Officers Holquist and Bauer also conspired with each other and with other members of the Anne Arundel County Police Department who were present on the scene, to act in an unlawful manner that would violate the Plaintiffs Michael Housley and Leah Housley's Constitutional rights.

102. As a direct consequence in result of the actions and omissions of the Defendant's described herein, Plaintiffs Michael Housley and Leah Housley were deprived of their

liberty; was caused to suffer severe permanent physical injuries; lost time from his employment; and has suffered and will continue to suffer economic loss in the future due to the sums of money spent to alleviate the injuries that were inflicted by the Defendants.

## COUNT IV – VIOLATION OF MARYLAND STATE DECLARATION OF RIGHTS
### (Plaintiff Michael Housley and Plaintiff Leah Housley v. Defendant Officers Holquist and Bauer, Defendant Acting Sergeant Morgan, Police Chief James Teare, Sr., John Leopold, Defendant Anne Arundel County Police Department, and Defendant Anne Arundel County Government)

103.     Plaintiffs Michael Housley and Leah Housley hereby incorporate Paragraphs 1 through 102 as if fully stated herein.

104.     As a direct proximate result of the actions and omissions of Defendant Officers Holquist and Bauer, Defendant Acting Sergeant Morgan, and Defendant Police Chief Teare described herein, all of which were committed under the color of their authority as members of the Anne Arundel County Police Department and while they were acting in the capacity of duly authorized police officers, the Plaintiffs was deprived of certain "State's Rights" established by way of the Maryland Declaration of Rights.

105.     As a result of the above described acts attributed to Defendant Officers Holquist and Bauer, Defendant Acting Sergeant Morgan, and Defendant Police Chief Teare and their ongoing conspiracy, Plaintiffs Michael Housley and Leah Housley were deprived of rights immunities secured to them under the Maryland Declaration of Rights: in particular, their rights to the security of their person and freedom from arrest except upon probable cause, as well as their right not to be deprived of liberty without due process of law. Furthermore, the Plaintiffs were deprived of their State's Right not to be subjected to excessive force during the course of an ongoing arrest.

106.     Defendant Anne Arundel County is a Maryland municipal corporation which operates, administers, maintains and controls the Anne Arundel County Police Department as one of its executive branches.

107.     Defendant Anne Arundel County has established policies and procedures, Defendant County had a duty under the Fourth and Fourteenth Amendments to the Constitution of the United States to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that its citizens would be subjected to the use of excessive force by Anne Arundel County's Police Department officers, or policies or procedures which created a substantial likelihood that the rights of its citizens would not be treated with reckless indifference by its agents, servants and employees employed by Anne Arundel County's Police Department.

108.     Notwithstanding its mentioned duties, Defendant Anne Arundel County was guilty of one or more of the following wrongful acts or omissions to act in violation of the Plaintiffs Michael Housley and Leah Housley's Constitutional rights and rights under the Maryland State's Declaration of Rights, in that it:

   a.  Allowed policies and procedures to continue in force and effect which resulted in the use of outrageous and excessive force against Plaintiff,

   b.  Had a custom and practice of failing to independently and adequately investigate complaints of excessive force, including participating in the cover-up and false prosecutions of those acts,

   c.  Had a custom and practice of failing to effectively discipline or retrain police officers who wrongfully utilized excessive force,

   d.  Failed to establish appropriate policies and procedures to address and correct the repeated use of excessive force by police officers in traffic stops,

   e.  Allowed the continuance in force and effect of policies and procedures which failed to protect its citizens from the reckless indifference of Anne Arundel County's agents, servants and employees in its police Department to their serious medical needs.

109.    As a direct consequence in result of the actions and omissions of the Defendants described herein, Plaintiffs Michael Housley and Leah Housley were deprived of their liberty; were caused to suffer severe permanent physical injuries; lost time from their employment; and has suffered and will continue to suffer economic loss in the future due to the sums of money spent to alleviate the injuries that were inflicted by the Defendants listed above.

### COUNT V – CIVIL CONSPIRACY
**(Plaintiff Michael Housley and Plaintiff Leah Housley v. Defendant Officers Holquist and Bauer, Defendant Acting Sergeant Morgan, Police Chief James Teare, Sr., County Executive John Leopold, Defendant Anne Arundel County Police Department, and Defendant Anne Arundel County Government)**

110.    Plaintiffs Michael Housley and Leah Housley hereby incorporate Paragraphs 1 through 109 as if fully restated herein.

111.    The Defendants including, but not limited to those listed above, as well as the Anne Arundel County Government and Anne Arundel County Police Department in general conspired amongst themselves, with other members of the Anne Arundel County Police Department who were present on the scene and agreed to detain, falsely arrest, and batter the Plaintiffs.

112.    The Defendants including, but not limited to those listed above, as well as the Anne Arundel County Government and Anne Arundel County Police Department in general further conspired with the other members of the Anne Arundel County Police Department who were present on the scene and reached an agreement to obfuscate their errant and unconstitutional behavior and perfidiously failed to protect their constituents.

113.    The ongoing course of action by the Defendants including, but not limited to those listed above, as well as the Anne Arundel County Government and Anne Arundel

County Police Department in general, were concerted action designed to created a situation whereby the excessively vicious conduct toward Plaintiffs Michael Housley and Leah Housley would be considered reasonable and/or attributed as a direct response to the actions of the Plaintiffs, all of which was patently untrue.

114.     As a direct consequence in result of the actions and omissions of the Defendant's described herein, Plaintiffs Michael Housley and Leah Housley were deprived of their liberty; were caused to suffer severe permanent physical injuries; lost time from their employment; and has suffered and will continue to suffer economic loss in the future due to the sums of money spent to alleviate the injuries that were inflicted by the Defendants listed above.

### COUNT VI – NEGLIGENT HIRING RETENTION AND SUPERVISION
**(Plaintiffs Michael Housley and Leah Housley v. The Anne Arundel County Police Department, Police Chief James Teare, Sr., Defendant Acting Sergeant Morgan, County Executive John Leopold, The Anne Arundel County Government)**

115.     Plaintiffs Michael Housley and Leah Housley hereby incorporate Paragraphs 1 through 114 as if fully restated herein.

116.     On or about September 8, 2005, Defendant Anne Arundel County Police Department under the supervision of Defendant County Executive John Leopold and the Anne Arundel County Government generally hired Defendant Officer Holquist and began assigning him regular work as an Anne Arundel County Police Officer.

117.     During the course of his employment, several formal and informal instances that Plaintiff Michael Housley's counsel became aware of during the course of an *in camera* review in the criminal proceeding discovery phase and discovery against Michael Housley, which are absolutely admissible during the course of this civil proceeding clearly indicate that prior to this shooting in 2009, Officer Holquist was not fit to carry out his duties as a police officer.

118.     Beyond the instances discovered via *in camera* review; counsel also became aware of other incidents in which Defendant Officer Holquist was involved in further showing his lack of fitness for duty.

119.     On or about March of 2007, Defendant Officer Holquist shot and killed a fleeing bank robber, where he was shot in the leg, taken by helicopter to shock trauma, treated, and released.

120.     As a direct result of the shooting, Plaintiff Michael Housley believes and therefore avers that Defendant Officer Holquist suffered severe psychological trauma to which he has yet to recover as evidenced by his outrageous conduct in this case.

121.     Further, on or about September 20, 2008, Defendant Officer Holquist was involved in an incident where Mr. George Archie was sitting on his sofa watching television when Defendant Officer Holquist without provocation, cause, or reason, jumped over Mr. Archie's patio wall, entered his residence, and asked Mr. Archie why he

ran.

122.     In response to Defendant Officer Holquist's bad faith unlawful entry into his residence, Mr. Archie stated that he did not know what Defendant Officer Holquist was talking about, to which Officer Holquist grabbed Mr. Archie by the neck, slammed him head first into a wall, pointed a taser in his face, unlawfully arrested Mr. Archie, and illegally searched his house.

123.     Eventually other officers found and arrested the original suspect and let Mr. Archie free after apologizing to him.  Mr. Archie has a pending civil action against the Anne Arundel County Police Department as a result of Defendant Officer Holquist's egregious acts.

124.     Defendant Anne Arundel County Police Department has a duty to use reasonable care to select and retain employees who are competent and fit to perform the duties of a police officer.

125.     Based on the 2007 shooting, the incident with Mr. Archie, as well as the myriad of issues revealed in the criminal discovery phase which will come to light as admissible in this civil case, Defendant Anne Arundel County Police Department had actual knowledge of Defendant Officer Holquist's sensitive mental state and his subsequent lack of fitness for duty.

126.     A reasonable and prudent employer would not have ignored such indications of Defendant Officer Holquist's unfitness for such duties.

127.     Defendant Anne Arundel County Police Department had actual knowledge that Defendant Officer Holquist would be involved in situations where he faced members of the public.  Plaintiff Michael Housley was a member of the public who would foreseeably come into contact with Defendant Officer Holquist.  Therefore, Defendant Anne Arundel County Police Department owed such a duty to protect members of the public from dangerous officers, and breached that duty by allowing Defendant Officer Holquist to continue in his capacity as an armed police patrol officer.

128.     Because of Defendant Officer Holquist's history as described above, the likelihood of the risk of his injuring a member of the public was foreseeable.  Defendant Anne Arundel County Police Department knew, or should have known, that Officer Holquist was not competent or fit for the duties of a police officer.  Defendant Anne Arundel County Police Department breached its duty to use reasonable care to monitor an employee that was neither competent nor fit for the position.

129.     As a direct consequence in result of the actions and omissions of the Defendant's described herein, Plaintiff Michael Housley was deprived of his liberty; was caused to suffer severe permanent physical injuries; lost time from his employment; and has suffered and will continue to suffer economic loss in the future due to the sums of money spent to alleviate the injuries that were inflicted by the Defendants.

**COUNT VII – MONETARY CLAIMS AGAINST DEFENDANT COUNTY**

**(Plaintiffs Michael Housley and Leah Housley v. Defendant Anne Arundel County Government)**

130.     Plaintiff Michael Housley hereby incorporates Paragraphs 1 through 129 as if fully restated herein.

131.     Defendant Anne Arundel County is a Maryland municipal corporation which operates, administers, maintains and controls the Anne Arundel County Police Department as one of its executive branches.

132.     Defendant Anne Arundel County has established policies and procedures, Defendant County had a duty under the Fourth and Fourteenth Amendments to the Constitution of the United States to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that its citizens would be subjected to the use of excessive force by Anne Arundel County's Police Department officers, or policies or procedures which created a substantial likelihood that the rights of its citizens would not be treated with reckless indifference by its agents, servants and employees employed by Anne Arundel County's Police Department.

133.     Notwithstanding its mentioned duties, Defendant Anne Arundel County was guilty of one or more of the following wrongful acts or omissions to act in violation of the Plaintiffs Michael Housley and Leah Housley's Constitutional rights, in that it:

   f.   Allowed policies and procedures to continue in force and effect which resulted in the use of outrageous and excessive force against Plaintiff,

   g.   Had a custom and practice of failing to independently and adequately investigate complaints of excessive force, including participating in the cover-up and false prosecutions of those acts,

   h.   Had a custom and practice of failing to effectively discipline or retrain police officers who wrongfully utilized excessive force,

   i.   Failed to establish appropriate policies and procedures to address and correct the repeated use of excessive force by police officers in traffic stops,

   j.   Allowed the continuance in force and effect of policies and procedures which failed to protect its citizens from the reckless indifference of Anne Arundel County's agents, servants and employees in its police Department to their serious medical needs.

134.     As a direct and proximate result of one or more of the foregoing wrongful acts or omissions to act of Defendant Anne Arundel County, Plaintiffs Michael Housley and Leah Housley sustained a violation of their rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, severe and permanent injury to their person, disfigurement, pain, suffering, disability, loss of income, mental anguish, humiliation, and other permanent and diverse injuries.

**COUNT VIII – LOSS OF CONSORTIUM**

**(Plaintiffs Michael Housley and Leah Housley v. All Defendants)**

135.     Plaintiff Michael Housley hereby incorporates Paragraphs 1 through 134 as if fully restated herein.

136.     Plaintiffs were husband and wife at the time of the occurrence referred to in this Complaint.  They were married on August 18, 2006.

137.     The negligent conduct of the Defendant Officers listed above, caused injury to the marital relationship of Plaintiffs, including a loss of society, affection, assistance, companionship, and sexual relations.

138.     As a direct and proximate result of one or more of the foregoing wrongful acts or omissions to act of Defendant Anne Arundel County, Plaintiffs Michael Housley and Leah Housley sustained a violation of their rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, severe and permanent injury to their person, disfigurement, pain, suffering, disability, loss of income, mental anguish, humiliation, and other permanent and diverse injuries.

## COUNT IX – INVASION OF PRIVACY – INTRUSION UPON SECLUSION
**(Plaintiffs Michael Housley and Leah Housley v. Defendant Officers Holquist and Bauer and Defendant Acting Sergeant Morgan)**

139.     Plaintiff Michael Housley hereby incorporates Paragraphs 1 through 138 as if fully restated herein.

140.     Defendant Officers Holquist and Bauer and Defendant Acting Sergeant Morgan intentionally and unlawfully entered into 1026 Deep Creek Avenue, Arnold, MD 21012 on the night of July 12, 2009.

141.     At that time, the Plaintiff's owned that property as their primary private residence.

142.     The intrusion by the officers was highly offensive to the Plaintiffs and would be highly offensive to a reasonable person as it ultimately led to Plaintiff Michael Housley being pepper sprayed, tased twice, and shot in the face.

143.     As a direct and proximate result of one or more of the foregoing wrongful acts or omissions to act of Defendant Anne Arundel County, Plaintiff Michael Housley sustained a violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, severe and permanent injury to his person, disfigurement, pain, suffering, disability, loss of income, mental anguish, humiliation, and other permanent and diverse injuries.

## COUNT X – NEGLIGENCE
**(Plaintiff Michael Housley v. Defendant Officers Holquist and Bauer and Defendant Acting Sergeant Morgan)**

144.     Plaintiffs Michael Housley and Leah Housley hereby incorporate Paragraphs 1

through 143 as if fully restated herein.

145.     As Officers of the Anne Arundel County Police Department, Defendant Officers
Holquist and Bauer and Defendant Acting Sergeant Morgan have a duty is to serve
mankind, to safeguard lives and property, and to protect the innocent against deception,
the weak against oppression or intimidation, and the peaceful against violence or
disorder, and to respect the Constitutional rights of all people to liberty, equality and
justice.[7]

146.     Defendant Officers Holquist and Bauer and Defendant Acting Sergeant Morgan
breached the oath of office and this duty when they unlawfully and maliciously entered
the Housley residence and used extreme and excessive force upon Plaintiffs Michael
Housley and Leah Housley.

147.     As a direct and proximate result of one or more of the foregoing wrongful acts or
omissions to act of Defendant Anne Arundel County, Plaintiffs Michael Housley and
Leah Housley sustained a violation of their rights under the Fourth and Fourteenth
Amendments to the Constitution of the United States, severe and permanent injury to
their person, disfigurement, pain, suffering, disability, loss of income, mental anguish,
humiliation, and other permanent and diverse injuries.

## COUNT XI – FALSE IMPRISONMENT
**(Plaintiff Leah Housley v. Defendant Acting Sergeant Morgan and Anne Arundel County
Police Department)**

148.     Plaintiff Leah Housley hereby incorporates Paragraphs 1 through 147 as if fully
restated herein.

149.     Defendant Active Sergeant Morgan falsely imprisoned the Plaintiff Leah Housley
through the course of events described herein.  The instances of false imprisonment
include, but are not limited to the occasion where Plaintiff Leah Housley was forced to
the ground, handcuffed, and required to remain on her stomach with the handcuffs on,
and having her movement restricted by force.

150.     Following Plaintiff Leah Housley's release from the Anne Arundel Medical
Center after the events described had taken place, she was transported by officers of the
Anne Arundel County Police Department to the criminal investigation division
headquarters in Crownsville, Maryland.

151.     Plaintiff Leah Housley was instructed by the Officers that she must accompany
them and was transported against her will and without her consent.

152.     The actions of Defendant Active Sergeant Morgan and Defendant Anne Arundel
County Police Department caused Plaintiff Leah Housley to be unlawfully deprived of
her liberty, to be held without the ability to leave on her own free will and thereby escape
attack, and incapable of seeing her severely wounded husband.

---

[7] Code of Ethics for Police Officers from the Standard Operating Procedures of the Anne Arundel County Police
Department

153.    As a result of the unlawful conduct described herein, Plaintiff Leah Housley was detained against her will and sustained significant physical injuries and mental anguish described herein.

154.    Defendant Active Sergeant Morgan and Defendant Anne Arundel County Police Department's actions demonstrate ill will, improper motivation, evil purpose, and actual malice.

WHEREFORE, Plaintiff Michael Housley here by requests that this Honorable Court:

A.  Award the Plaintiff actual, compensatory, and consequential damages in an amount to be determined at trial against Defendant Officers Holquist and Bauer, Defendant Anne Arundel County Police Department, and Defendant Chief of Police James Teare, Sr.;

B.  Award Plaintiff punitive damages in an amount to be determined at trial against Defendant Officers Holquist and Bauer, Defendant Anne Arundel County Police Department. And Defendant Chief of Police James Teare, Sr.;

C.  Award the Plaintiff reasonable attorney's fees and costs incurred in pursuing this action, as provided under 42 U.S.C. § 1988; and

D.  Award such other and further relief as this Court may deem appropriate.

Respectfully submitted,

The Law Offices of Murnane and Simmons

Richard A. Simmons /s/
Richard A. Simmons, Esq.
Federal Bar No.: 26211
801 W. Central Avenue
Davidsonville, MD 21035
410-956-2000 (Telephone)
410-956-9350 (Fax)
*Rich.Murnanesimmons@yahoo.com*

Timothy D. Murnane /s/
Timothy D. Murnane, Esq.
Federal Bar No.: 10978
801 W. Central Avenue
Davidsonville, MD 21035
410-956-2000 (Telephone)
410-956-9350 (Fax)
*Lawmurnane@aol.com*

Michael S. Neall /s/
Michael S. Neall, Esq.
Michael S. Neall and Associates
Federal Bar No.: 25400
P.O. Box 488
Arnold, MD 21012
410-757-9454 (Telephone)
410-757-9660 (Fax)
*Michaelneall@verizon.net*

Attorneys for Plaintiff, Michael A. Housley

## PRAYER FOR A JURY TRIAL

Plaintiff hereby requests that all issues raised in this Complaint be decided by way of a jury trial.

Richard A. Simmons /s/
Richard A. Simmons, Esq.


Timothy D. Murnane /s/
Timothy D. Murnane, Esq.


Michael S. Neall  /s/
Michael S. Neall, Esq.